Peggy Tracy, on behalf of herself and her minor child, Angela Tracy, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 15, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and CRAIG, sitting as a panel of three.

*James Bukas*, with him *Michael Buncher*, for petitioners.

*Betty F. Perry*, with her *Michael P. McGinley*, Assistant Attorney General, for appellee.

OPINION BY JUDGE CRAIG, January 29, 1979:

Petitioner Peggy Tracy, on behalf of herself and her infant daughter, Angela Tracy, has appealed to this Court from an order of the Department of Public Welfare (DPW) which held that petitioner was not entitled to a Fair Hearing to resolve a problem arising from a statement for services presented by a pediatrician who attended the child in the operating room at the time of cesarean section delivery by an obstetrician.

The pediatrician, who also provided after-care to the child in the hospital, initially submitted a bill for $10.00 to DPW, which paid it and received from the doctor his receipt for that amount as payment in full for "Hospital Care."

Later, the same pediatrician submitted an additional bill, for $55.00, to DPW, apparently referring specifically to the services at the time of delivery in the operating room. After DPW refused payment of the second bill, the doctor billed the petitioner who, being entitled to medical assistance benefits under the program for Aid to Families for Dependent Children, properly did not pay it. The doctor's collection agency has since pursued the petitioner, who has sought the Fair Hearing to resolve the problem.

DPW, although agreeing that petitioner is not liable to the pediatrician, has held a full hearing to de-

cide that petitioner is not entitled to a hearing for this problem.

We are forced to agree with DPW, although it is regrettable that the Department has not taken the initiative to clear up this matter before it reached this Court, particularly in view of the admission of legal counsel for the Department that it could do so.

Although the doctor's claim is not directly before us, DPW at least has an argument that the doctor is not entitled to payment of the second bill. Under DPW's regulations in the Medical Assistance Manual, §9411.82 suggests that only one payment will be made for a surgical procedure and related hospital care. Medical Assistance Manual, §9411, Appendix I, Code No. 9085 stipulates $10.00 as payment for care of a newborn provided by a physician other than the one making the delivery.

However, the same Appendix indicates that a physician may request special consideration for conditions not adequately covered by DPW's fee schedule. Had the physician pursued that administrative alternative instead of billing petitioner, the problem might not have reached this Court.

Nevertheless, as far as petitioner is concerned, we conclude that she does not have standing to entitle her to a Fair Hearing with respect to a dispute actually between the physician and DPW. DPW Public Assistance Manual, §3590, allows such a hearing if a claimant is dissatisfied with a refusal of "assistance" which is defined as including, among other things "a money payment" or "medical assistance." Because DPW has not refused petitioner any money payment or medical assistance due her, she is not entitled to a further hearing on this matter.

We note that DPW's brief acknowledges that DPW could have resolved this matter long before now. The brief states that:

DPW could initiate action against this physician for violating the Public Welfare Code and Departmental regulations.

Also, the brief for DPW admits that petitioner and DPW could cooperatively "endeavor to resolve the problem. . . ."

Although DPW contends that cooperative resolution of the problem "appears unacceptable to the Petitioner," it seems clear that DPW could take the lead in administrative steps which could properly clear up petitioner's undeserved credit problem.

We are nevertheless required to affirm the Department's refusal of a further hearing.

### ORDER

AND Now, this 29th day of January, 1979 the order of the Department of Public Welfare dismissing the appeal of petitioner is affirmed.